IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

**TUNG KENG ENTERPRISE CO., LTD. D/B/A DK CITY CO., LTD.,**

      Petitioner,

v.

**CLMBR, INC.,**

      Respondent.

---

**PETITION TO CONFIRM ARBITRATION AWARD**

---

Petitioner Tung Keng Enterprise Co., LTD d/b/a DK City Co., Ltd. ("DK City") files this petition to confirm the award entered by Arbitrator Kenneth R. Bennington on January 30, 2024 (the "Final Award") and to enter judgment on the Final Award. In support of its petition, DK City states as follows:

## **PARTIES**

1.    Petitioner DK City is a corporation organized and existing under the laws of the Country of Taiwan, with its principal place of business in Taichung City, Taiwan.

2.    Respondent CLMBR, Inc. ("CLMBR") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Denver, Colorado.

## JURISDICTION AND VENUE

3.  This Court has subject-matter jurisdiction over this action under 9 U.S.C. § 203, which provides that actions falling under the New York Convention arise under the laws and treaties of the United States and are subject to the original jurisdiction of the district courts of the United States. Under Article I of the New York Convention and 9 U.S.C. § 202, the New York Convention governs the confirmation of an arbitral award where, as here, the arbitration involves a party that is not a citizen of the United States. *See Jain v. De Mere*, 51 F.3d 686, 689 (7th Cir. 1995) ("Chapter 2 mandates that any commercial arbitral agreement, unless it is between two United States citizens, involves property located in the United States, and has no reasonable relationship with one or more foreign states, falls under the Convention."); *Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 19 (2d Cir. 1997). This Court also has subject-matter jurisdiction under 28 U.S.C. § 1332 because the dispute is between a citizen of Colorado and a citizen of Taiwan and the amount in controversy exceeds $75,000.

4.  This Court has personal jurisdiction over CLMBR because CLMBR has its principal place of business in Denver, Colorado. This Court also has personal jurisdiction because CLMBR purposefully availed itself of the benefits of arbitration in Colorado, and this dispute arises from those contacts.

5.  Venue is proper in this Court under 9 U.S.C. § 204 because this Court "embraces the place designated in the agreement as the place of arbitration." A true and correct copy of the underlying arbitration agreement, the Original Equipment

Manufacturer Agreement ("OEM Agreement"), is attached as **Exhibit 1.** In the OEM Agreement, the parties agreed that arbitration "shall be conducted in Denver, Colorado." Ex. 1, OEM Agreement § 9. The arbitration was in fact held in Denver, Colorado, and the Arbitrator entered his award in Denver, Colorado. As such, venue is proper in this Court.

## GROUNDS FOR PETITION

6. DK City commenced an arbitration action in Denver, Colorado against CLMBR on August 30, 2022 by filing a Demand for Arbitration with JAMS.

7. An arbitration was conducted pursuant to the OEM Agreement beginning on October 30, 2023.

8. On December 13, 2023, Arbitrator Bennington entered an Interim Award, awarding DK City $1,627,984.08 plus interest at the statutory rate. The OEM Agreement also contained a provision awarding the prevailing party with reasonable attorneys' fees and costs, and Arbitrator Bennington thus directed DK City to file any such motion prior to issuance of the Final Award. Following DK City's motion and bill of costs, on January 30, 2024, Arbitrator Bennington entered the Final Award for $1,627,984.08 plus interest at the statutory rate, $463,263.50 in attorneys' fees, and $159,173.44 in costs. A true and correct copy of the Final Award is attached as **Exhibit 2.**[1]

---

[1] The Final Award incorporates by reference the Interim Award, which has been included in Exhibit 2.

3

9. DK City seeks confirmation of the Final Award under 9 U.S.C. § 207 and entry of judgment or decree against CLMBR so that it may enforce the Final Award as a judgment or decree of this Court.[2] *See also* JAMS Rule 25. "A confirmation action under the New York Convention is a summary proceeding in nature, which is not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm." *Compania de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1287 (10th Cir. 2020) (citation omitted).

10. Under Article IV of the New York Convention, "[t]o obtain the recognition and enforcement" of an arbitral award, the petitioning party must simply provide "[t]he duly authenticated original award or a duly certified copy thereof," and "[t]he original agreement" or a duly certified copy thereof. *See* New York Convention, art. IV(1).

11. Here, DK City has provided the underlying arbitration agreement (Exhibit 1) and the Final Award (Exhibit 2), and the undersigned counsel certifies that Exhibit 1 and Exhibit 2 are true and correct copies of each. *See also Linsen Int'l, Ltd. v. Humpuss Sea Transp. PTE Ltd.*, 2011 U.S. Dist. LEXIS 48198, at *5-6 (S.D.N.Y. Apr. 29, 2011) ("The copy of the Agreement certified by petitioners' attorney is sufficient to satisfy the original

---

[2] DK City seeks in the alternative confirmation under Chapter 1 of the Federal Arbitration Act. Confirmation is also proper under 9 U.S.C. § 9 because the parties agreed to arbitrate in Denver, Colorado under JAMS Arbitration procedures. *See* Ex. 1, OEM Agreement § 9. JAMS Rules contemplate confirmation in a court of competent jurisdiction. *See* JAMS Rule 25. And the Final Award was issued by the arbitrator in Denver, Colorado. *See* 9 U.S.C. § 9.

4

agreement in writing requirement."); *Overseas Cosmos v. NR Vessel Corp.*, 1997 U.S. Dist. LEXIS 19390, at *16 (S.D.N.Y. Dec. 8, 1997) (same).

12. CLMBR bears the burden of proving that the Court should refuse confirmation. *See CEEG (Shanghai) Solar Sci. & Tech. Co. v. Lumos LLC*, 829 F.3d 1201, 1206 (10th Cir. 2016). CLMBR cannot demonstrate that any ground for refusing to confirm the Final Award applies. Accordingly, the Court should enter judgment confirming the Final Award pursuant to the New York Convention and the Federal Arbitration Act.

## **REQUEST FOR RELIEF**

WHEREFORE, DK City respectfully requests that the Court confirm the Final Award and enter judgment in accordance with the Final Award and for any other relief that the Court deems just and proper, including attorneys' fees and costs to the extent CLMBR opposes this Petition.

Dated: February 13, 2024.

Respectfully submitted,

*s/ Patrick J. Bernal*

Patrick J. Bernal
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
T 303.473.2700
F 720.897.2817
Email: pjbernal@hollandhart.com

Aja R. Robbins
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
T 303.295.8000
F 303.295.8261
Email: arrobbins@hollandhart.com
**Attorneys for Petitioner**